**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| TOMAS HERNANDEZ, | : | |
| | : | Civil Action No. 07-2072 (JAG) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| U.S. IMMIGRATION | : | |
| AND CUSTOMS ENFORCEMENT, | : | |
| | : | |
| Defendant. | : | |

**Appearances:**

TOMAS HERNANDEZ, Petitioner pro se
# A 75 938 923
Elizabeth Detention Center
625 Evans Street
Elizabeth, New Jersey 07207

**GREENAWAY, JR.**, District Judge

On May 2, 2007, TOMAS HERNANDEZ (hereinafter "Petitioner"), an inmate at Elizabeth Detention Center in Elizabeth, New Jersey, filed his Pro Se Petition for Writ of Mandamus, pursuant to 28 U.S.C. § 1361 (hereinafter "Petition") against United States Immigration and Customs Enforcement (hereinafter "ICE").[1] See

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security. See 6 U.S.C. § 271(a). The Act transferred the functions of the Commissioner of the Immigration and Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS. See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

Docket Entry No. 1.  Petitioner challenges his order of removal issued by Honorable Barbara Nelson, a judge with the United States Immigration Court located at 26 Federal Plaza, New York, New York.[2]  See Pet. at 1.

For the reasons stated below, the Petition for Writ of Mandamus will be denied for failure to make a showing of clear and indisputable right but, being construed as Petitioner's application for review to the United States Court of Appeals for the Second Circuit, will be forwarded accordingly.

## DISCUSSION

### I. Petitioner's Application for Writ of Mandamus

The writ of mandamus is a remedy reserved only for extraordinary circumstances.  See In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001).  A petitioner seeking the issuance of such writ must establish that (s)he has no other adequate means of relief and, most importantly, that his or her right to the writ of mandamus is clear and indisputable.  See id.

In the case at bar, the Petition is silent as to the grounds for Petitioner's removal.  See generally, Pet.  Petitioner's entire Petition consists of Petitioner's discussion of equitable considerations that (a) should have been considered--but were

---

[2]  It appears that Petitioner's order of removal became final upon expiration of Petitioner's period to appeal Judge Nelson's order to the Board of Immigration Appeals.  See Pet. at 3.

overlooked by – Judge Nelson, and (b) should be considered by the court having the power to stay Petitioner's removal.[3]  See id. None of these statements, however, provides this Court with valid grounds for granting Petitioner a writ under the standard articulated In re Nwanze, 242 F.3d at 524.

Since the Petition does not establish--or even attempt to establish--that Petitioner's right to a writ of mandamus is clear and indisputable, Petitioner's application for Writ of Mandamus will be denied.  See In re Nwanze, 242 F.3d at 524.

**II.  Petitioner's Application for Stay of Order of Removal**

Any challenge to an order of removal must be presented by petition for review with the appropriate Circuit Court of Appeals, pursuant to Section 106(a)(5) of the REAL ID Act of 2005.[4]  "Under the new judicial review regime imposed by the REAL

---

[3] Specifically, the four single-spaced pages of the Petition are dedicated to (a) discussions of hardship that Petitioner's removal would cause his four children and his mother, (b) allegations against Judge Nelson, (c) explanations as to why Petitioner failed to appeal Judge Nelson's order to the Board of Immigration Appeals, (d) legal discussions of international and domestic legal regimes, and (e) general comments to the effect that aliens like Petitioner would benefit from better guidance from consular officers of the countries of removal.  See generally, Pet.

[4] Section 106(a)(5) of the REAL ID Act of 2005 reads:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall he the

ID Act, a petition for review is now the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1)." <u>Bonhometre v. Gorizales</u>, 414 F.3d 442, 445 (3d Cir. 2005); <u>see also</u> 8 U.S.C. § 1252(a)(5) (1999 & Suppl. 2005). The circuit courts' jurisdiction was also enlarged to include consideration of constitutional claims or questions of law raised in a criminal alien's petition for review. <u>See</u> 8 U.S.C. § 1252(a)(2)(D)(2005). The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceeding." Since the seat of Petitioner's immigration judge was New York City, New York, <u>see</u> Ans., Ex. 11, the United States Court of Appeals for the Second Circuit is the proper venue for Petitioner's challenge to his order of removal.

Consequently, being divested of subject matter jurisdiction to issue any decision or that implicate's Petitioner's challenge to a removal order, this Court construes Petitioner's Petition as Petitioner's application for review to the Second Circuit and will forward it accordingly.

---

sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) [relating to orders issued under 8 U.S.C. § 1225(b)(1)].

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for writ of Mandamus is denied for failure to make a showing of clear and indisputable right. The Petition, being construed as Petitioner's application for review to the Second Circuit, will be forwarded accordingly.

An appropriate Order accompanied this Opinion.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  May 29, 2007